IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CISCO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-01096-STA-jay |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER DISMISSING § 2255 PETITION
AND
DIRECTING CLERK TO CLOSE CASE

On May 16, 2019, Michael J. Dee submitted and signed a motion, pursuant to 28 U.S.C. § 2255 (the "Petition"), to vacate, set aside, or correct the sentence of federal prisoner William Cisco. (ECF No. 1.) Dee asserts that Cisco's drug conviction involving the manufacture of marijuana is unconstitutional because "marijuana . . . does not present a substantial threat to the right of others, to public safety or health requiring the use of federal police power." (*Id.* at 3.) Dee insists that he has the authority to file and sign the Petition on Cisco's behalf, but admits he is not an attorney-at-law. (*Id.* at 5.)

Under 28 U.S.C. § 1654, "[p]arties may proceed in federal court only pro se or through counsel." *Williams v. Fink*, No. 17-CV-11014, 2017 WL 3444751, at *2 (E.D. Mich. May 5, 2017) (quoting *Williams v. United States*, 477 F. App'x. 9, 11 (3d Cir. 2012)); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (Section 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.") In addition, Rule 11 provides that "[e]very pleading ... must be signed by at least one attorney of record in the attorney's

1

name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The Petition here is not signed by an attorney-at-law or by Cisco himself. The Petition is therefore **DISMISSED**.

A word of warning to Dee is in order. Although not entirely clear from the Petition, it appears that Dee may have submitted and signed the Petition without William Cisco's knowledge. He does not allege that Cisco requested that he sign and file the Petition on Cisco's behalf. In fact Dee, who is from Maine (*see* ECF No. 1 at 5), alleges no personal relationship with Cisco. He states only that "My relationship to Mr. Cisco is that I am a military veteran defending [Cisco's] constitutional right[s.]" (*Id.*) Also suggesting that Cisco has no knowledge of the Petition is Dee's insistence that he is allowed to sign the Petition on Cisco's behalf because, as he puts it, "[h]ow can [Cisco] sign when he doesn't understand what he is signing and conflicts with what a lawyer and others tell him?" (*Id.*) A Westlaw search reveals that Dee is, as the United States District Court for the District of Maine describes him, "a marijuana advocate" who has "previously filed numerous cases challenging marijuana laws and [who] ultimately became subject to filing restrictions." *Dee v. United States*, No. CIV.9-163-P-H, 2009 WL 1149903, at *1 & fn. 1 (D. Me. Apr. 28, 2009) (cataloging Dee's previous litigation). Dee is advised that any further attempt on his part to file or sign documents purportedly on Cisco's behalf, or on behalf of other federal prisoners, will result in the imposition of sanctions without further notice.

The Clerk is **DIRECTED** to close the case and enter judgment.

**IT IS SO ORDERED**.

                                                           s/ S. Thomas Anderson
                                                           S. THOMAS ANDERSON
                                                           CHIEF UNITED STATES DISTRICT JUDGE
                                                           Date: May 22, 2019